RICHARD BOND *v.* BARTLETT S. KENDALL.

*Libel. Evidence. Intent.*

When the origin, occasion and circumstances of the slanderous charge have a tendency to countervail the presumption of malice, or the affirmative evidence of it, evidence is admissible to show such origin, occasion and circumstances; but not otherwise.

The defendant offered to prove that G. requested him to find out about a certain matter named concerning the plaintiff, and write to him, G., the result of his inquiries, and that he, the defendant, made inquiries on that subject, previous to writing the letter in question, pursuant to that request; but it was not offered to be shown that the facts he stated in the letter were ascertained by him on such inquiry. *Held,* that this was not admissible to show the intent with which the letter was written.

ACTION on the case for certain alleged libelous matter contained in a letter written by the defendant, and addressed and sent to Austin P. Graham. Plea, the general issue, and trial by jury, at the June Term, 1862, KELLOGG, J., presiding.

Upon the trial the plaintiff introduced evidence tending to prove that the defendant, on the 17th of October, 1861, at Montpelier, wrote a letter containing the words declared upon, and addressed and sent it by mail to one Graham ; and that Graham received said letter by due course of mail, and read it himself and also read it to several other persons.

The defendant admitted the writing and sending of the said letter as the plaintiff's evidence tended to show, but offered to prove that Graham requested him to find out about the plaintiff's having a lady with him at Montpelier, in the fall of 1860, and to write to him (Graham) the result of the inquiries in that respect, and that he, the defendant, made inquiries on that subject, previous to the writing of the letter in question, pursuant to that request. The testimony so offered was objected to by the plaintiff, but was admitted by the court, as bearing upon the point of the motive and intention, or alleged malice, with which the defendant wrote and sent the said letter. To the decision of the court by which this testimony was admitted the plaintiff excepted.

Bond *v.* Kendall.

*Butler & Wheeler*, for the plaintiff, cited 2 Stark. Slan. 97; *Inman* v. *Foster*, 8 Wend. 602; *Clark* v. *Munsell*, 6 Met. 373; 4 Conn. 415; 3 Pick. 376; 4 Wend. 659.

*Charles N. Davenport*, for the defendant.

The exception is not well taken. The evidence was admissible for the purposes that the court received it. It is always allowable to show, under the general issue, in this class of actions, all such facts and circumstances as belong to the *res gestae*, and go to prove the intent with which the words were spoken, or the publication made. 2 Green. Ev. § 425; 2 Starkie on Slander, 84 *et seq.*; 2 Phillips on Ev. 245; *Smith* v. *Miles*, 15 Vt. 245.

BARRETT, J. It is said in the exceptions that the evidence objected to was admitted, "as bearing upon the point of the motive and intention, or alleged malice, with which the defendant wrote and sent the said letter."

When the origin, occasion and circumstances of the slanderous charge have a tendency to countervail the presumption of malice, or the affirmative evidence of it, evidence is admissible to show such origin, occasion and circumstances; but not otherwise. Hence some cases have held that where the alleged libel purports to be a statement of what has been published in a newspaper, such newspaper may be given in evidence. It has been held also, that it may be shown that the alleged slander was committed in giving a character, or other information, upon proper inquiry, and on warrantable occasions. ' Without undertaking to discuss and mark the true scope and force of these several classes of cases, it is sufficient to say that the present case does not fall within either class. The libel, on its face, carries conclusive evidence of the most virulent malice. The request of Graham, as stated by the defendant, did not call for, or justify any such response. The most that could be claimed on the score of that request was merely to communicate a plain and uncolored statement of facts, ascertained upon honest and fair inquiry. But in this instance the defendant did not offer to prove that the facts stated in the letter were ascertained by him upon inquiry. The

offer was, *that he made inquiry pursuant to that request,*—not that the facts he stated in the letter were ascertained by him on such inquiry. The letter containing the libel commences—"I have been told, &c." But this has no tendency to prove that the facts stated were the results of the inquiries ; and, moreover, if it had, it lacks the *salvo* which has characterized all the cases in which it has been permitted to show that the defendant was reporting what had been told him by another, viz : the giving of the name of the author.

It cannot be claimed as being of the *res gestae*, that go to show the intent with which the publication was made ; for it was not offered to be shown that this letter was written pursuant to such request ; and, as before intimated, it is not to be inferred that it was, but the contrary ; for that request did not call for, or justify such a letter.

It would be showing undue favor to a most malevolent spirit to enlarge or modify the established rules of law, so as to permit the defendant to shield himself behind such a request, against the full consequences of a foul libel, which such a request neither contemplated nor called for, and which libel does not purport, on its face, nor is shown by the offered evidence, to have been published as a compliance with such request. In closing a review of the cases on the subject of malice, as affected by the occasion of uttering or publishing the alleged slander or libel, Mr. Starkie, vol. 1, p. 326, in his work on slander, says, "Whether the occasion and circumstances supply an absolute, or merely a qualified justification dependent on the question of actual malice, they do not extend to justify any publication which is not warranted by the occasion and circumstances."

On the point above considered the judgment is reversed, and the case is remanded to the county court.